IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR DOUGLAS, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIAMO, et al., | : | NO. 07-3730 |
|     Respondents. | : | |

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Graterford, in Graterford, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.   PROCEDURAL HISTORY

On March 14, 2001, petitioner pled guilty before the Honorable Gary S. Glazer, of the Philadelphia County Court of Common Pleas, to third degree murder, robbery, conspiracy, and weapons charges. Petitioner was sentenced to fifteen (15) to thirty (30) years imprisonment. Petitioner did not file a direct appeal.

On December 9, 2005, petitioner filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. Counsel was appointed. Petitioner claims that counsel was informed of a recantation affidavit made by a Commonwealth witness. However, counsel subsequently filed a "no merit" letter in accordance with Commonwealth v. Finley, 550

1

A.2d 213 (Pa. Super. 1988) (*en banc*).  The PCRA court dismissed the petition on October 24, 2006.  On August 1, 2007, the Superior Court denied petitioner's appeal, finding petitioner's PCRA petition was untimely.  Superior Court found petitioner waived the issues relating to the recantation affidavit, in light of petitioner's failure to comply with applicable procedural rule, and counsel was not ineffective in not litigating the issue.  Petitioner did not file a request for allowance of appeal to the Pennsylvania Supreme Court.

On August 29, 2007, petitioner filed the instant *pro se* petition for Writ of Habeas Corpus, raising the following claims:

> (1) PCRA court's error cause a manifest injustice because counsel failed to amend the petition with recantation affidavit; and
>
> (2) PCRA court erred and abused its discretion by allowing counsel and psychologist to error by not evaluating competency at the time of plea, instead of when petition was filed.

Respondents retort that petitioner is not entitled to federal habeas relief.  Respondents assert that this petition is time-barred, and must be dismissed, as petitioner is not entitled to habeas review or relief.  We agree.

II.     TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness.  A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, <u>et</u> <u>seq</u>., which was amended under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996.  Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244 (d)(1) (1996).

This statute also creates a tolling exception which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out of time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner was sentenced on March 14, 2001. Petitioner then had thirty days to file a direct appeal in the Superior Court. Petitioner never appealed to the

Pennsylvania Superior Court. Accordingly, direct review ceased on April 13, 2001. Thus petitioner had until April 13, 2002 in order to file a timely petition for Writ of Habeas Corpus. Petitioner did not file a PCRA petition until December 9, 2005, nearly three years and eight months after the filing deadline. Petitioner's PCRA petition was deemed untimely, as such it was not properly filed and did not toll the statute of limitations. The instant habeas petition was not filed until August 29, 2007, almost five years and five months after the April 13, 2002 dealing for filing, leaving this court with no choice but to dismiss the request for relief as untimely without consideration on the merits.

      One avenue of relief remains for petitioner. The statute of limitations set forth in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases).

      Petitioner argues that the untimeliness of the PCRA petition and the habeas petition should be excused because of petitioner's mental incompetence. The PCRA court made

4

a finding of fact and determined after examination by a state psychologist that petitioner was competent during the time period for filing a PCRA petition. Petitioner has failed to provide this court with any evidence to the contrary. As such, we must find the statute of limitations was not equitably tolled. Thus, the habeas petition must be dismissed in its entirety.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this _____ day of September, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE