IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR DOUGLAS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-3730** |
| | : | |
| **DAVID DiGUGLIELMO**, *et al* | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                               **February 9, 2009**

     Lamar Douglas, a state prisoner who was sentenced to 15 - 30 years imprisonment after pleading guilty to third degree murder, has filed objections to the Magistrate Judge's Report and Recommendation which recommended that his habeas corpus petition pursuant to a 28 U.S.C. §2254 be dismissed as time-barred. Douglas does not dispute the Magistrate Judge's finding that his petition was filed over five years after the one-year federal statute of limitations period had expired or that his petition under Pennsylvania's Post Conviction Hearing Act was dismissed as untimely by the state court because it had been filed three years and eight months after the deadline. Instead, Douglas argues that he is entitled to equitable tolling because he was prevented in some "extraordinary way" from asserting his rights, specifically that he was mentally incompetent.

     Douglas misinterprets who has the burden to demonstrate excuse to invoke equitable tolling. He makes broad claims of mental incompetency relating to his guilty plea before the state court and during his subsequent incarceration. However, he does not explain why he did not file a federal petition within the limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

     Equitable tolling may be applied to AEDPA's limitations. *Miller v. N. J. State Dep't*

*of Corrections*, 145 F.3d 616, 617-19 (3d Cir. 1998). The period will be tolled where the petitioner has "in some extraordinary way been prevented from asserting his rights". *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The burden is on the petitioner to show that an extraordinary event interfered with his ability to press his claim and he must demonstrate that he "diligently pursued his rights." *McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007).

In this case, Douglas has not shown that he was prevented in some extraordinary way from asserting his rights nor has he shown that he exercised reasonable diligence in attempting to exercise those rights.

Throughout his objections, Douglas repeatedly refers to his mental incompetency during the state court proceedings, specifically, at his guilty plea and his post-conviction proceedings. Consequently, he offers his mental incompetency as an excuse for not meeting his state court deadlines. He makes no excuse for failing to file his federal habeas petition within the statutory period. Indeed, he spends his time offering reasons why he did not present his Post Conviction Relief Act petition timely[1]. At no time does he attempt to show that he diligently pursued his rights in the federal forum. In short, he has failed to prove that he exercised due diligence in attempting to exercise his rights. See *Merritt v. Blaine*, 326 F. 3d 157, 168 (3d Cir. 2003). Therefore, his objections must be overruled and the Report and Recommendation will be approved.

---

[1] Section 2244(d)(2) of AEDPA tolls the limitations period during the pendency of a "properly filed" petition for collateral review in the state courts. An untimely petition for collateral review in the state court is not "properly filed" and cannot trigger statutory tolling. *Pace v. DiGugliemo*, 544 U.S. 408, 417 (2005). Further, a federal court is bound to respect PCRA timeliness determinations made by the state court. *Merritt v. Blaine*, 326 F. 3d 157, 165 (3d Cir. 2003).